UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATHAN C. WALL                                                    Plaintiff

v.                                          Civil Action No. 3:18-cv-P694-RGJ

LOUISVILLE METRO DEPT. OF CORR.                       Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Nathan C. Wall, a *pro se* prisoner, filed this civil-rights action.[1] This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed in part and allowed to continue in part.

### I. STATEMENT OF CLAIMS

Plaintiff is a convicted prisoner, incarcerated at the Louisville Metro Department of Corrections (LMDC). He names LMDC as Defendant. He alleges that "Cells were 95°. Stayed sick." He also alleges, "They illegally housed me in headquarters were knowingly had black mold. I couldn't breathe. Made me suffer over 30 days in it also had no air conditioning the entire time and no working toilets and sinks in my cell over 30 days." It appears that the 30-day period he is referring to is May 20 to June 20, 2018.

The amended complaint continues:

I want to sue the LMDC or LMPD in an official capacity. I am being held against my will and knowing made all bonds previous to the settlement date. There is a clerical mistake and I'm not supposed to still be incarcerated and this is all against my life, limb, and liberty also against my amendment rights. Tricked me into

---

[1] Although Plaintiff used this Court's approved 42 U.S.C. § 1983 form for his complaint, his complaint did not contain all of the pages of that form. Therefore, the Court provided Plaintiff with the opportunity to submit a fully completed complaint form. Plaintiff has now done so.

waivering my preliminary hearing for my bond money back then suppose to keep me ROR'd and then kept me incarcerated.

Plaintiff requests monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

With regard to Plaintiff's allegations that a clerical mistake or a trick has kept him illegally incarcerated, such a challenge to his custody may not be brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, because his arguments about being tricked and being the victim of a clerical mistake imply the invalidity of his current confinement or its duration, § 1983 relief is unavailable, and these claims will be dismissed.

The Court will allow to go forward Plaintiff's claims regarding the conditions of his confinement described in the amended complaint, *i.e.*, that the cells were 95 degrees and had black mold with no air condition and no working toilets and sinks. However, the only named Defendant is LMDC. LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is the Louisville Metro Government that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, the Louisville Metro government is a "person" for purposes of § 1983. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will, therefore, construe the claims against LMDC as brought against Louisville Metro Government.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiff's claims related to the fact or duration of his confinement are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will allow Plaintiff's claims about his conditions of confinement for 30 days to go forward against Louisville Metro.

The Clerk of Court is **DIRECTED** to terminate the Louisville Metro Department of Corrections as a party to this case and add Louisville Metro Government as Defendant.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.

Date:


cc: Plaintiff, *pro se*
      Defendant
      Jefferson County Attorney
A961.009